62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dyane M. BROCK, Appellant,
v.
Hillis F. MATHES; Mark Lang, Appellees.
 No. 94-3511
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 24, 1995
Filed: Aug. 7, 1995
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dyane M. Brock filed this 42 U.S.C. Sec. 1983 action against two City of Omaha police officers, alleging they used excessive force in arresting her for disorderly conduct. The jury returned a verdict in favor of the officers and the district court[1] entered judgment accordingly. On appeal, Brock argues the verdict was against the weight of the evidence. We affirm.
 
 
 2
 As Brock never moved for judgment as a matter of law or for a new trial, our review is limited to plain error; we see none, as the verdict was supported by substantial evidence. See Herndon v. Armontrout, 986 F.2d 1237, 1240 & n.2 (8th Cir.1993) (standard of review). Viewing the evidence in a light most favorable to the officers, drawing all reasonable inferences in their favor, and leaving any conflicts in testimony for the jury to resolve, see id. at 1240, the evidence showed that Brock violently resisted arrest by repeatedly assaulting the officers both verbally and physically. As to the degree of force used, the evidence showed that, to bring Brock under control, the officers forced her to the ground and attempted to hold her there by applying pressure to her back, jaw, and hip; cuffed her legs and arms; picked her up by the armpits; and pulled her shirt over her head to prevent her from spitting at them. Thus, there was substantial evidence that the force used in making the arrest was objectively reasonable under the circumstances. See Graham v. Connor, 490 U.S. 386, 394-97 (1989); Abbott v. City of Crocker, 30 F.3d 994, 997 (8th Cir.1994) (in determining reasonableness of force, consider, inter alia, whether suspect poses immediate threat to officers and whether he is actively resisting arrest).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska